IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PIERRE BROWNING,                )
                                )
            Plaintiff,           )
                                )
      v.                         )      1:24CV209
                                )
MECKLENBURG COUNTY, et al.,     )
                                )
            Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was charged criminally in Mecklenburg County, North Carolina, that he hired an attorney to represent him, that the attorney is now not responding to him, that he did not receive timely court appearances in Mecklenburg County, that no one has shown him a warrant to access his ankle monitor locations, and that he received a high bond considering his prior record. For the reasons explained below, this action should be transferred to the Western District of North Carolina.

The statute for determining venue in the present case is 28 U.S.C. § 1391, which reads in pertinent part:

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, all named Defendants are employed in Mecklenburg County, in the Western District of North Carolina, and it appears that the events or omissions giving rise to the claims also occurred in that District. All court hearings in Plaintiff's case, any setting of bond, and any irregularities with paperwork all occurred there, as did any representation or lack thereof by his attorney. Thus, venue is not proper in the Middle District, but is proper in the Western District of North Carolina. Moreover, the Court has discretion to transfer this action to an appropriate district under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). See, e.g., Saudi v. Northrop Grumman Corp., 427 F.3d 271, 277 (4th Cir. 2005); In re Carefirst of Maryland, Inc., 305 F.3d 253, 255–56 (4th Cir. 2002). Accordingly, and in the interest of justice, this case should be transferred to the United States District Court for the Western District of North Carolina for further proceedings.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

2

IT IS RECOMMENDED that this action be transferred to the United States District Court for the Western District of North Carolina.

This, the 19th day of March, 2024.

                                                     /s/ Joe L. Webster
                                          United States Magistrate Judge